No. 88–1461.   CHRISTY ET AL. v. LUJAN, SECRETARY OF THE
INTERIOR, ET AL.   C. A. 9th Cir.   Certiorari denied.

JUSTICE WHITE, dissenting.

Petitioner Christy is a herder who grazed his sheep on leased land near Glacier National Park.   Between July 1 and July 9, 1982, grizzly bears from the park killed 20 of Christy's sheep. Requests for assistance from park rangers yielded no results, and efforts to frighten away the bears were unsuccessful.   On July 9, when two grizzlies emerged from the forest and approached Christy's sheep, he shot and killed a bear.   Grizzlies, however, are an "endangered species"; Christy's killing of the bear thus violated the Endangered Species Act, which makes it unlawful to "harass, harm, pursue, hunt, shoot, wound, kill, trap, capture, or collect" grizzlies and other animals protected by the statute.   16 U. S. C.

§§ 1538(a)(1), 1532(19). Christy was consequently assessed a $2,500 penalty for shooting the bear.

Christy then filed this action in District Court, seeking to enjoin enforcement of the Act against herders like himself, and resisting payment of the $2,500 penalty. Christy claimed, *inter alia*, that his actions in defense of his livestock were protected by the Due Process Clause of the Fifth Amendment; alternatively, Christy contended that the Act resulted in an uncompensated "taking" of his property. Both the District Court and the Ninth Circuit rejected these claims, and this petition ensued.

I would grant the petition for certiorari to consider Christy's constitutional claims. Christy's claim of a constitutional right to defend his property is not insubstantial. The right to defend one's property has long been recognized at common law, see W. Blackstone, Commentaries *138–140, and is deeply rooted in the legal traditions of this country, see, *e. g.*, *Beard* v. *United States*, 158 U. S. 550, 555 (1895). Having the freedom to take actions necessary to protect one's property may well be a liberty "deeply rooted in this Nation's history and tradition," *Moore* v. *East Cleveland*, 431 U. S. 494, 503 (1977) (opinion of Powell, J.), and, therefore, entitled to the substantive protection of the Due Process Clause. In any event, Christy's claim to such protection presents an interesting and important question—the proper resolution of which is not altogether clear—that merits plenary review.

Even more substantial is Christy's claim that the Endangered Species Act operates as a governmental authorization of a "taking" of his property; leaving him uncompensated for this taking violates the Fifth Amendment, Christy contends. There can be little doubt that if a federal statute authorized park rangers to come around at night and take Christy's livestock to feed the bears, such a governmental action would constituted a "taking." The Court of Appeals below, and the federal parties in their submission here, distinguish such a case from this one, by noting that the United States "does not 'own' the wild animals it protects, nor does the government control the conduct of such animals." *Christy* v. *Hodel*, 857 F. 2d 1324, 1335 (CA9 1988); see Brief in Opposition 7.

Perhaps not; but the Government does make it unlawful for Christy to "harass, harm, [or] pursue" such animals when they come to take his property—and perhaps a Government edict bar-

ring one from resisting the loss of one's property is the constitutional equivalent of an edict taking such property in the first place. Thus, if the Government decided (in lieu of the food stamp program) to enact a law barring grocery store owners from "harassing, harming, or pursuing" people who wish to take food off grocery shelves without paying for it, such a law might well be suspect under the Fifth Amendment. For similar reasons, the Endangered Species Act may be suspect as applied in Christy's case.

In sum, sustaining grizzly bears is a worthwhile and important governmental objective. But it "is axiomatic that the Fifth Amendment's just compensation provision is 'designed to bar Government from forcing some people alone to bear public burdens which, in all fairness and justice, should be borne by the public as a whole.'" *First English Evangelical Lutheran Church of Glendale* v. *County of Los Angeles*, 482 U. S. 304, 318–319 (1987) (quoting *Armstrong* v. *United States*, 364 U. S. 40, 49 (1960)). Here, Christy has been asked to bear the burden of feeding endangered grizzlies — or at the least, has been estopped from taking measures necessary to prevent the use of his property for this purpose. Thus, it seems quite possible that Christy has been denied the Fifth Amendment's protection against uncompensated takings.

Because I think that Christy's constitutional claims present interesting and important questions that merit our attention, I dissent from the Court's denial of review in this case.